WALTER STIECHLL, Petitioner and Appellant, *v.* MUNICIPAL COURT OF RÍO PIEDRAS, SECOND SECTION, Respondent and Appellee.

No. 8583. Argued February 5, 1943.—Decided March 10, 1943.

*Rogelio Fernández Garzot* for appellant.  *H. Torres Solá* for appellee.

Mr. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Evaristo Rodríguez filed an action of unlawful detainer against Walter Stiechll in the Municipal Court of Río Piedras, Second Section. After service of summons defendant filed a motion to strike the jurat from the complaint, another to strike some of the allegations, demurred to the complaint, and answered the same.

At the first hearing the court denied the motions and dismissed the demurrer and defendant filed a writ of certiorari in the district court.

The district court issued the preliminary writ but, after hearing, it quashed the writ for the following reasons:

"We are asked to review the order of the municipal court dismissing the demurrer and denying the motions to strike. We do not believe that certiorari lies because the errors assigned are not jurisdictional or procedural. But even if there were any procedural error it could be adequately reviewed by appeal to this court. The giving of a bond in order to perfect such an appeal, contrary to petitioner's contention, is not necessary. This being a case of unlawful detainer for nonpayment of rentals, the appeal is perfected

by depositing rentals due and those which became due during the pendency of the appeal. An appeal being perfectly adequate for the revision of the errors assigned against the lower court, we do not feel that the use of a writ of certiorari for that purpose is justified.

"For the foregoing reasons, the preliminary writ is quashed and the record is remanded to the lower court."

From that judgment, rendered on June 26, 1942, the present appeal has been taken.

We have studied the briefs of both parties and in our judgment the appeal is frivolous.

Recently in the case of *Collazo* v. *District Court,* 61 P.R.R. 282, this court, in an opinion delivered by Mr. Justice Todd, Jr., stated:

"It is obvious that the errors alleged in the petition are not procedural nor do they relate to the jurisdiction of the court. We have repeatedly held that the decisions of courts on demurrers, whatever the result, may not be set up as a procedural error reviewable by certiorari. *Rodríguez* v. *Sepúlveda,* 19 P.R.R. 1107; *Hull* v. *District Court,* 42 P.R.R. 146; *Delgado* v. *District Court (per curiam decision),* 52 D.P.R. 961; *Smallwood* v. *District Court,* 53 P.R.R. 707 and *Santana* v. *District Court,* 58 P.R.R. 572 . . ."

This case, in which the final decision in a suit of unlawful detainer has been delayed for a period of nine months by making use of a writ of certiorari, explains the reason why this court, in deciding the case of *Agostini* v. *Municipal Court,* 33 P.R.R. 780, said that "The right of appeal being universal, orders in certiorari proceedings brought for the review of questions of jurisdiction or procedure in cases of unlawful detainer are appealable, although only one appeal is allowed in such cases," and added, "For this reason district courts should be cautious in issuing writs of certiorari in actions of unlawful detainer originating in municipal courts."

Appellant did not appear at the trial, but the clerk informed the court of a motion filed by him stating that the

plaintiff in the unlawful detainer action had died on September 21, 1942, and asked the suspension of the hearing. Attorney Torres Solá, who appeared on behalf of the party in the unlawful detainer action who might be affected by the judgment in the certiorari proceeding, objected and the hearing proceeded.

The motion is another attempt at delay which must not be upheld. The unlawful detainer action did not abate because the plaintiff died. Section 69 of the Code of Civil Procedure. It is unnecessary to investigate in this certiorari proceeding whether or not the substitution was made in the unlawful detainer action, because the parties herein are the petitioner and the respondent municipal court.

The appeal should be dismissed and the judgment appealed from affirmed.